**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000440
24-APR-2018
08:26 AM**

NO. CAAP-17-0000440

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA W. PANTKE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(NORTH & SOUTH KONA DIVISION)
(CASE NO. 3DTA-16-02229)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Joshua W. Pantke (**Pantke**) appeals from the Amended Judgment and Notice of Entry of Amended Judgment (**Amended Judgment**) entered in the District Court of the Third Circuit, North and South Kona Division (**District Court**) on April 25, 2017.[1]

On August 9, 2016, Plaintiff-Appellee, the State of Hawai'i (**State**), charged Pantke by complaint with, *inter alia*: (1) Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-

---

[1] The Honorable Margaret K. Masunaga presided.

61(a) (Supp. 2017);[2] and (2) Inattention to Driving, in violation of HRS § 291-12 (Supp. 2015).[3] After a two-day bench trial, Pantke was convicted of OVUII and Inattention to Driving. Pantke timely filed a notice of appeal.

On appeal, Pantke raises two points of error, contending that the District Court erred in: (1) failing to obtain Pantke's "knowing, intelligent and voluntary waiver of his constitutional rights to testify and not to testify because the [colloquies] were defective under Tachibana;" and (2) admitting the testimony of Officer Alexis Molina regarding Pantke's performance on the horizontal gaze nystagmus test.

Upon careful review of the record on appeal and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as

---

[2]    HRS § 291E-61(a) provides:

    **§ 291E-61   Operating a vehicle under the influence of an intoxicant.**   (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
    (2)    While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;
    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath; or
    (4)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3]    HRS § 291-12 states in relevant part:

    **§ 291-12 Inattention to driving.**   Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

well as the relevant statutory and case law, we resolve Pantke's points of error as follows:

The validity of a criminal defendant's waiver of the right to testify is a question of constitutional law reviewed by this court under the right/wrong standard. State v. Gomez-Lobato, 130 Hawai'i 465, 468-69, 312 P.3d 897, 900-901 (2013); see also State v. Eduwensuyi, 141 Hawai'i 328, ___, 409 P.3d 732, 736 (2018) (in the context of Tachibana violations).

> However, "once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." . . . "The relevant question under the harmless beyond a reasonable doubt standard is 'whether there is a reasonable possibility that error might have contributed to conviction.'"

State v. Chong Hung Han, 130 Hawai'i 83, 93, 306 P.3d 128, 138 (2013) (citations omitted).

Pantke first contends that the ultimate Tachibana colloquy in this case was incomplete because it advised Pantke that he had the right "to remain silent" rather than the right "not to testify." In conducting a Tachibana colloquy, the court must advise the defendant that:

> he [or she] has a right to testify, that if he [or she] wants to testify that no one can prevent him [or her] from doing so, [and] that if he [or she] testifies the prosecution will be allowed to cross-examine him [or her]. In connection with the privilege against self-incrimination, the defendant should also be advised that he [or she] has a right not to testify and that if he [or she] does not testify then the jury can be instructed about that right.

Tachibana v. State, 79 Hawai'i 226, 236, n.7, 900 P.2d 1293, 1303, n.7, (1995).

In Chong Hung Han, the supreme court stated that the phrase "right to remain silent" did not satisfy Tachibana:

3

Finally, the court should advise a defendant <u>that he or she has the right not to testify</u>. <u>Tachibana</u>, 79 Hawai'i at 235, 900 P.2d at 1303. Here, the court told Petitioner that he had "the constitutional right to remain silent[,]" and said nothing about the right not to testify. However, for a defendant, "remaining silent" could mean something other than "not testifying," since the phrase "right to remain silent" popularly invokes the familiar Miranda warnings. As Chief Justice Rehnquist noted in his opinion in <u>Dickerson v. United States</u>, "Miranda has become embedded in routine police practice to a point where the warnings have become part of our national culture." 530 U.S. 428, 430, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). A defendant could be confused if a court states simply, "you have the right to remain silent" without using the accompanying phrase, "you have the right not to testify."

<u>Chong Hung Han</u>, 130 Hawai'i at 93, n.8, 306 P.3d at 138, n.8.

Here, in its ultimate colloquy, the District Court stated:

> THE COURT: Okay. I just need to give you some advisement of rights.
> You have a right to testify. If you want to testify, no one can prevent you from testifying. If you choose to testify, the prosecutor can cross examine you. If you choose not to testify, the court cannot hold that against you, and **you do have the right to remain silent**. You understand?

(Emphasis added). Therefore, under <u>Chong Hung Han</u>, the District Court's ultimate colloquy was deficient.[4]

Pantke next contends that the District Court erred because it did not obtain an on-the-record waiver from Pantke regarding his right to testify or not to testify. "[I]n order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in

---

[4] Although the District Court stated "[i]f you choose not to testify, the court cannot hold that against you," the court did not directly inform Pantke of his right not to testify. In <u>State v. Celestine</u>, SCWC-14-0000335, 2018 WL 1754118 at *8 (Haw. Apr. 12, 2018) at *8, the Hawai'i Supreme Court recently underscored that part of the first component of a Tachibana colloquy is informing the defendant that he or she has a right not to testify. Because this error here, however, was in failing to properly advise Pantke of his right <u>not</u> to testify, and Pantke did <u>not</u> testify, the error appears to be harmless. <u>See</u>, <u>e.g.</u>, <u>State v. Dykas</u>, No. CAAP-17-0000352, 2018 WL 852202 (Haw. App. Feb. 14, 2018)(SDO), <u>as</u> <u>amended</u>, (Haw. App. Feb. 28, 2018).

every case in which the defendant does not testify." <u>Tachibana</u>, 79 Hawai'i at 236, 900 P.2d at 1303.

Here, the District Court gave multiple colloquies and each time asked Pantke if he understood; but it did not once ask Pantke whether or not he wanted to testify, and not once did Pantke indicate on the record whether or not he wanted to testify. To constitute an on-the-record waiver, the defendant must state whether or not he or she will testify. <u>See</u> <u>State v. Staley</u>, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999); <u>State v. Hoang</u>, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000). Accordingly, the District Court failed to obtain an on-the-record waiver from Pantke as required by <u>Tachibana</u>.

Pantke further contends that the District Court delivered the ultimate <u>Tachibana</u> colloquy too early, and not at the close of Pantke's case. In <u>Tachibana</u>, the supreme court noted that "the ultimate colloquy should be conducted after all evidence other than the defendant's testimony has been received." <u>Tachibana</u>, 79 Hawai'i at 237, n.9, 900 P.2d at 1304, n.9.

Additionally, the supreme court would later hold:

> Implicit in our holding in <u>Tachibana</u> was our conclusion that a defendant must be afforded the opportunity to not decide whether to take the stand until the close of the defense's case. An exception that effectively waives the defendant's constitutional right to testify or not to testify based on a preliminary decision, made before the defense's case was presented, would be inconsistent with the principles enunciated in <u>Tachibana</u>.

<u>State v. Loher</u>, 140 Hawai'i 205, 218, 398 P.3d 794, 807 (2017).

Here, a defense witness testified after the ultimate colloquy was given. Therefore, pursuant to <u>Loher</u>, the District Court erred in giving the ultimate colloquy too early.

Finally, as there is nothing to indicate what Pantke would have said if he had testified, we cannot conclude that the District Court's error constituted harmless error beyond a reasonable doubt. See State v. Pomroy, 132 Hawai'i 85, 94, 319 P.3d 1093, 1102 (2014); Hoang, 94 Hawai'i at 279, 12 P.3d at 379.

In light of the above, we need not reach Pantke's second point of error.

The District Court's April 25, 2017 Amended Judgment is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, April 24, 2018.

On the briefs:

Joanne B. Badua,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6